The Lieutenant Governor (Drayton,) acting as governor, on the demise of Governor Edward Rutledge, appointed Mr. W. Lee. as commissioner and register in equity for Charleston, Colleton and Beaufort districts, (making one equity district,) under the idea that the office of master in equity, (held by W. H. Gibbes,) was abolished by the new judiciary law. The question respecting the validity of the new appointment was argued upon a rule taken out, for him to shew cause why lie continued to act in this office after the new appointment.
Mr. Gibbes was elected to the office of master in equify by the legislature in 1784, under the constitution of 1778 — by which all judicial officers were to be commissioned during good behavior. The office of master is partly judicial and parfly ministerial: he holds his office during good behavior. After the first meeting of the legislature in 1791, after the formation of the present constitution, the court of equity was established (or re-organized) by law, and the master in equity is therein expressly recognized, notwithstanding commissioners and registers in equity were to be appointed for the upper districts. There was no re-election of any of the judicial officers, and Mr. Gibbes has continued to hold the office to this time. Two of the judges, Rutledge and Burke, were of opinion, that only the second clause of the law of 1791, is repealed by the judiciary law (lately passed;) but the rest of the law is substantially confirmed, inasmuch as it declares that the commissioners and registers shall he appointed in the manner prescribed by the act of 1791. That Mr. Gibbes having been legally appointed, (and constitutionally,) he has a freehold in the office, holding it during good behavior; and cannot he dispk* *588 ced by any other mode but that pointed out by the constitution, which is by impeachment.
The duties of the master remain the same as establish-e<t by the act of 1791: .The judiciary law has only subdivided the districts.
If the bare changing of the name, and not the duty of the officer was sufficient to deprive him of his office, the legislature might thus get rid of any officer, and thereby render the clause in the constitution respecting impeachments a mere nullity. It would by a mere strained construction, and by implication, deprive an officer of his place secured to him by the constitution. This would he contrary to the constitution, which declares that no man shall be deprived of his freehold but by the law of the land, or the judgment of his peers. Upon the whole the new appointment is null and void, and Mr. Gibbes is entitled to hold his office. He accordingly held the office, and Mr. Lee gave up his pretensions under Lieut, Governer Drayton’s appointment.
Note. — See the following cases on this subject. 1 Shower, Justice Archer’s case. 1 Shower’s P. C. 161, 158, 426, 456. Lord Rtiym. 161. 12 Mod. 4, 199. 1 Bay, 365, 390. 2 Bay, 59. 1 Cranch, 137, Marbury vs. Madison; 6 Cranch, 135, Fletcher vs. Peck; 1 Brevard’s Digest, p.476, 7, 8, in note. 6 Bacon, 307.
The lex terra;, means the common law, and the statutes to the time of Edward II.